Renard Reece YOUNG, Petitioner—
Appellant,

v.

C.K. PLILER, Warden, Respondent—
Appellee.

No. 06–55971.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2008.

Filed April 15, 2008.

Robison D. Harley, Jr., for Petitioner–Appellant.

Renard Reece Young, pro se.

Barry J.T. Carlton, Daniel B. Rogers, AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: CANBY, KLEINFELD, and BYBEE, Circuit Judges.

MEMORANDUM *

The facts and procedural history of the case are known to the parties, and we do not repeat them here. Petitioner Renard Reece Young presents three issues, certified by this court, in his appeal of the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. A state prisoner is entitled to federal habeas relief only if the state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). Young initially presented these claims to the California Supreme Court in his petition for writ of habeas corpus, which the court summarily denied. Therefore, we must undertake an independent review of the record and determine whether the State's resolution of the claim was objectively unreasonable. *Greene v. Lambert*, 288 F.3d 1081, 1088, 1092 (9th Cir.2002).

■ Young claims that the state habeas court unreasonably denied his claim that the joinder of the murder charge and the assault charges violated his constitutional due process rights. Even assuming that *United States v. Lane* provides the relevant Supreme Court precedent,[1] the California Supreme Court did not unreasonably find that the consolidation of the charges against Young into one trial did not rise to a constitutional violation, because it did not "result[ ] in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *Lane*, 474 U.S. 438, 446 n. 8, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986). Neither case was supported by significantly stronger evidence than the other. Overwhelming evidence, including multiple eye-witness accounts, supported both charges. Although evidence of the two charges was not cross-admissible, the fact that the jury found Young guilty of lesser included offenses for some counts, and acquitted on others, is strong evidence that the jury was able to compartmentalize the evidence. *See Park v. California*, 202 F.3d 1146, 1150 (9th Cir.2000).

■ The state habeas court did not unreasonably deny Young's claim that his trial counsel was constitutionally ineffective in failing to present evidence that Young acted in self defense in the assaults on the Blocker siblings. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Young claims that his trial counsel failed to investigate witnesses to develop this defense. However, the colloquy at Young's *Marsden* hearing shows that counsel stated in Young's presence that he was working with Young's cousin, Charles Green, to locate potential self-defense witnesses.

Young also claims his trial counsel was ineffective for failing to put on evidence that Young acted in self-defense at trial. Young had little evidence to support this theory, primarily, Green's testimony that Handy Blocker shot first at Young. In contrast, four witnesses testified that Blocker was unarmed as he left the party, and six testified that all party guests were searched for weapons before they were allowed to enter. Trial counsel could have

---

1. *Lane* considered only the effect of misjoinder under Federal Rule of Criminal Procedure 8, and expressly stated that no constitutional claim had been presented. *See Lane*, 474 U.S. 438, 446 & n. 9, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986). Thus, *Lane's* broad statement—found in a footnote without citation to any legal authority—that misjoinder could only rise to the level of a constitutional violation if it was so prejudicial as to violate due process, was probably dictum. Only Supreme Court holdings are controlling when reviewing state court holdings under 28 U.S.C. § 2254; Court dicta and circuit court authority may not provide the basis for granting habeas relief. *Lockyer v. Andrade*, 538 U.S. 63, 71–72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

made a rational, strategic decision not to present Young's weak self-defense case at trial. Indeed, trial counsel appeared to use cross-examination to develop the theory that the four friends leaving the party were so surprised by the sudden, unprovoked shooting that they might not have been able to identify Young as the shooter with sufficient certainty. The theory that Blocker was surprised and unable to identify his assailant would have been inconsistent with a theory that Blocker actually shot first. Counsel could rationally have believed the "surprise" theory was stronger than "self-defense," and chosen only to present evidence of the former.

The state habeas court did not unreasonably deny Young's claim that his state appellate counsel was constitutionally ineffective for failing to present his unconstitutional joinder and ineffective assistance of trial counsel claims on direct appeal. As discussed, those claims lack merit. Failing to raise a meritless argument on appeal does not constitute ineffective assistance of counsel. *See Wildman v. Johnson,* 261 F.3d 832, 840 (9th Cir.2001).

Accordingly, the decision of the district court is **AFFIRMED.**